# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL MARK OXFORD,

    Petitioner,

v.                                                                                                   No. CV 19-172 JCH/CG

MR. MARTENEZ (WARDEN),
STATE OF NEW MEXICO,

    Respondents.

## CASE MANAGEMENT ORDER

**THIS MATTER** is before the Court *sua sponte*. The Court has received and docketed Petitioner Daniel Mark Oxford's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), filed *pro se* on March 4, 2019. The Court notes that because Mr. Oxford is a prisoner proceeding *pro se*, the Court is obligated to conduct a preliminary screening of the Petition. *See* Rule 4 of the Rules Governing Section 2254 Proceedings. Indeed, whenever a prisoner brings a proceeding seeking habeas corpus relief, the Court must ordinarily screen the prisoner's petition. Rule 4 explains:

> "If it plainly appears from the petition and any attached exhibits
> that the petitioner is not entitled to relief in the district court,
> the judge must dismiss the petition and direct the clerk to
> notify the petitioner."

Although Mr. Oxford is proceeding *pro se*, he must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). In addition, Mr. Oxford is obligated to keep the Court advised of any changes in his mailing address. Failure to keep the Court informed of his correct

1

address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6. When filing papers in this proceeding, Mr. Oxford must include the case number, CV 19-00172 JCH/CG, on each filing.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Mr. Oxford should avoid filing unnecessary motions. Requests for service of process, discovery, expansion of the record, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-14 (2007).

If Mr. Oxford's Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. Mr. Oxford should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Mr. Oxford is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.

**IT IS THEREFORE ORDERED** that Mr. Oxford's *Pro Se Petition for Discovery and Interrogatories under 28 U.S.C. § 2254*, (Doc. 2), and *Pro Se Petition for Request to Expand Record under 28 U.S.C. § 2254*, (Doc. 3), are **DENIED WITHOUT PREJUDICE** as premature. **IT IS FURTHER ORDERED** that this Case Management Order shall govern proceedings in this case until further Order of the Court.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE