IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL MARK OXFORD,

    Petitioner,

v.                                                      No. 19-cv-172 JCH-CG

FNU MARTENEZ, *Warden,*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner Daniel Mark Oxford's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) (Petition). Oxford challenges his state rape convictions based on, inter alia, ineffective assistance of counsel. The Court previously directed Oxford to show cause why his § 2254 Petition should not be dismissed as untimely. Because Oxford cannot establish grounds for tolling, and the Court will dismiss the Petition.

**I.  Procedural Background**

    The background facts are taken from the Petition (Doc. 1) and the state court docket in Oxford's state court criminal docket, Case No. D-307-CR-2015-00215. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

    In December 2015, Oxford pled guilty to multiple counts of criminal sexual penetration of

a child and one count of witness bribery. (Doc. 1 at 1). The state court sentenced him to 75 years imprisonment, with thirty years suspended. *Id.* Judgment on the conviction and sentence was entered February 8, 2016. *See* Judgment and Order in D-307-CR-2015-00215. Oxford did not file a direct appeal. (Doc. 1 at 2). His conviction therefore became final no later than March 10, 2016, after the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

On March 27, 2017, Oxford filed a state habeas petition. (Doc. 1 at 8); *see also* Habeas Corpus Petition in D-307-CR-2015-00215. The state court denied the petition on November 7, 2018. (Doc. 1 at 8). Oxford sought certiorari review, and the New Mexico Supreme Court (NMSC) denied relief by an Order entered January 7, 2019. *Id.* at 18. Oxford filed the instant § 2254 Petition on March 4, 2019. (Doc. 1). He argues his plea was not knowing/voluntary and plea counsel provided ineffective assistance. By an Order entered June 3, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 8); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order directed Oxford to show cause why the case should not be dismissed.

Oxford filed his initial show-cause response (Doc. 9) on June 16, 2020. He represented he had COVID-19, but that the matter was too important to delay and raised several show-cause arguments. Oxford then filed an amended response, which included more arguments and sought an extension of time to file a third supplemental response. (Doc. 10). The Court granted the

2

request (Doc. 11), but Oxford filed the third supplemental pleading (Doc. 12) after the extended filing deadline. In the interest of considering all of Oxford's tolling arguments, the Court finds good cause to accept the untimely filing and consider all three show-causes responses (Docs. 9, 10, and 12).

## III. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

As noted above, the criminal judgment became final no later than March 10, 2016, following expiration of the 30-day period for seeking state appellate review. *See Locke*, 237 F.3d at 1271-1273. There was no case activity during the next year, and the limitation period expired on March 10, 2017. Any state post-conviction motions filed after that date had no impact on the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006)

3

("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations."). The 2019 federal habeas proceeding is therefore time-barred, absent grounds for tolling.

The Court explained the above principles in its Order to Show Cause and set forth the legal standards for statutory and equitable tolling. (Doc. 8). In his responses, Oxford seeks equitable tolling because: (1) counsel was ineffective and did not initially provide a copy of the judgment; (2) he suffers from mental illness; (3) as a sex offender, he was a target for prison abuse; (4) he is innocent of the charged crimes; and (5) he recently had COVID-19. The Court will address each argument below.

**A. Equitable Tolling Based on Delayed Receipt of Judgment**

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Oxford primarily seeks equitable tolling because he allegedly did not receive the criminal Judgment for "several months" after its entry on February 8, 2016. (Doc. 9 at 6). The state court held a sentencing/plea hearing on December 3, 2015 and a presentment hearing on the Judgment

on January 29, 2016. (Doc. 12 at 6). Oxford attended both hearings. (Doc. 12 at 6; Doc. 9 at 4). Defense counsel mentioned withdrawing the plea at the January 29, 2016 hearing, but the state judge stated she would "go ahead and sentence [Oxford]." (Doc. 9 at 5). The state court allegedly gave defense counsel and the prosecutor ten days to "agree on a sentence," as long as it did not contain more time than the sentence pronounced on December 3, 2015 hearing.[1] *Id.* Defense counsel then allegedly "abandoned [Oxford] without any notice" and failed to give him a copy of the final Judgment. *Id.*

These allegations do not demonstrate grounds for equitable tolling, for various reasons. As a practical matter, Oxford fails to specify exactly when he received the Judgment. *See Yang,* 525 F.3d at 928 (setting forth the specificity requirement); *Miller,* 141 F.3d at 978 (same). The specificity requirement is not a technicality in this case. Oxford appears to believe he only needs to toll the limitation period for 17 days, *i.e.,* between the ordinary March 10, 2017 one-year deadline and March 27, 2017, when he filed his state habeas application. However, even if he established tolling during that period, the state habeas proceeding was resolved on January 7, 2019 when the NMSC denied certiorari review. The next day, the available time for filing a federal habeas petition resumed its … decline." *Trimble v. Hansen,* 764 Fed. App'x 721, 724 (10th Cir.), *cert. denied*, 140 S. Ct. 283 (2019). *See also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (tolling ceases under § 2244(d)(2) "[a]fter the State's highest court has issued its mandate or denied

---

[1] The Court discerns the state court likely asked the parties to submit a proposed form of judgment, rather than agree on a sentence. The state court allegedly made this comment at a presentment hearing, and it would be highly unusual for any court to allow the parties to pick a "stipulated sentence" rather than memorializing an actual ruling. In any event, assuming the state court left Oxford's criminal sentence to the discretion of the parties, this issue goes to the merits of his claims. It is not dispositive on the issue of timeliness.

review"). Fifty-five days passed before Oxford filed his federal § 2254 Petition on March 4, 2019. Without specific facts about when Oxford received the Judgment, the Court has no way of calculating whether equitable tolling could save his otherwise untimely § 2254 petition.

Alternatively, even if Oxford provided specific dates, the Court is not convinced that delayed receipt of the Judgment justifies equitable tolling. The Tenth Circuit has held the statutory tolling period for § 2254 petitions does not "include the time necessary for a petitioner to receive notice of a state court's decision." *Garcia v. Shanks*, 351 F.3d 468, 472 (10th Cir. 2003). *Garcia* reasoned that "the notice rule advocated by [petitioner] conflicts with the plain language of § 2244(d)(2)," which is tied to the date a state habeas petition is no longer "pending" before the state court. *Id.* This reasoning also applies to equitable tolling. Tolling the limitation period while Oxford waited for a copy of the Judgment conflicts with the plain language of 28 U.S.C. § 2244(d)(1), which states the one-year period runs from the "date on which the judgment became final."

Oxford also fails to demonstrate why he needed a copy of the Judgment to file his habeas claims within the one-year period. Oxford was present at the sentencing hearing and January 29, 2017 presentment hearing. (Doc. 12 at 6; Doc. 9 at 4). He knew the state court would issue a written judgment, he knew why, and his claims all centered on his criminal investigation and/or guilty plea. The state petition filed March 27, 2017, which is subject to judicial notice, alleges Oxford did not understand the plea; counsel failed to investigate and raise meritorious defenses; and his confession was inadmissible. *See* Petition for Writ of Habeas Corpus filed March 27, 2017 in Case No. D-307-CR-2015-00215. The federal Petition (Doc. 1) raises similar claims. Even if Oxford was confused about the final Judgment or still hoped to withdraw his plea, it is unclear how

these issues stood in the way of a timely § 2254 petition or state tolling motion.  Although Oxford's initial "confusion about [the Judgment] may have led [him] to *believe* he had more time to file his § 2254 federal application, that confusion did not *prevent* [him] from applying for § 2254 relief at an earlier date."  *Lolar v. Crow*, 2020 WL 4332326, at *3 (10th Cir. July 28, 2020) (emphasis in original) (rejecting equitable tolling argument).

Finally, even if Oxford could overcome these defects, and to be thorough, the Court also rejects Oxford's argument that tolling is available because either counsel or the state court prevented him from timely filing.  To obtain equitable tolling based on attorney misconduct, the attorney's actions must be "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed."  *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)).  "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures."  *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).  Oxford has not alleged counsel made repeated, deceitful assurances regarding any habeas claims, or that counsel even mentioned the prospect of habeas relief.  At most, Oxford contends he had "good reason to believe my counsel was withdrawing my guilty plea" because counsel "motioned the court [for that relief] on 1-29-16."  (Doc. 12 at 2).  These allegations simply show that counsel may have mentioned the motion to withdraw before "abandoned him" and failing to provide notice of the Judgment, which is more akin to a "garden variety claim of … neglect."  *Holland v. Florida*, 560 U.S. 631, 651-52 (2010).  Such neglect is not grounds for equitable tolling.  *See, e.g., Montoya v. Milyard,* 342 Fed. App'x 430, 432 (10th Cir. 2009) (equitable tolling was unavailable based on "counsel's failure to notify [petitioner] of

7

the [habeas] statute of limitations").

Oxford also argues the state court failed to hold a third sentencing hearing before entry of the final Judgment and failed to mail a copy of the Judgment directly to Oxford, rather than his counsel of record.  These alleged failures are not unconstitutional, nor did they prevent him from filing a § 2254 petition or state tolling motion by March 10, 2017.  *See Lolar*, 2020 WL 4332326, at *3; 28 U.S.C. § 2244(d)(1)(C) (permitting tolling if the state prevents timely filing based on unconstitutional impediment); *Coulter v. Kelley*, 871 F.3d 612, 620 (8th Cir.), *vacated on other grounds by* 876 F.3d 1112 (8th Cir. 2017) ("[W]e are skeptical that a court clerk's failure to send notice of a judgment … is a state-created 'impediment' that 'prevented' [the petitioner] from filing a habeas petition. He was free to file a petition at any time."); *United States ex rel. Mueller v. Lemke*, 20 F. Supp. 3d 659, 666 (N.D. Ill. 2014) (rejecting tolling argument where state court clerk negligently provided incorrect date that led to untimely habeas petition because there was not "any evidence of violations of the Constitution or federal law").

For all of these reasons, tolling is not available based on the delayed receipt of the Judgment.

**B. Equitable Tolling Based on Mental Health Issues**

A mental illness or "impairment is not *per se* a reason to toll a statute of limitations."  *Del Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (quotations omitted).  "[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental incompetence."  *Id.* (citing *Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir.2001).  *Cf. Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (declining to equitably toll the Title VII limitations period based on plaintiff's claim of mental illness because he failed to allege exceptional circumstances,

8

like being "adjudged incompetent or institutionalized").

There is no evidence Oxford was adjudged incompetent or that he has a profound mental impairment. Oxford generally alleges he is mentally ill and that prison mental health staff recommended he seek the appointment of an advocate. (Doc. 9 at 3). He attaches medical progress notes to his show-cause response, which reflect his problems pertain to "boundaries with others/self harm." *Id.* at 14-15. However, those medical records also describe his "overall psychiatric condition" as "Good" and his "Cognitive Functioning" as "Remarkable." *Id.* at 14, 20. The provider who completed the Psychiatrist Progress Note did not check any of the boxes featuring serious symptoms such as "delusions," "hallucinations," or "retardation." (Doc. 9 at 19-20). On this record, Oxford cannot demonstrate his untimely filing is traceable to a profound mental illness.

### C. Equitable Tolling Based on Prison Conditions & Sex Offender Status

Oxford next seeks equitable tolling because, as a sex offender, he was afraid to work on his case. He contends that in December of 2016, a group of inmates assaulted him and placed his habeas paperwork in the toilet. (Doc. 10 at 2-3). These inmates purportedly told Oxford he could not eat in the day room, change the television channel, or do legal work because he was a sex offender. (Doc. 12 at 4). Oxford allegedly hid his paperwork under his clothes and worked on his habeas petition in a surreptitious manner, so as not to get assaulted. (Doc. 10 at 3; Doc. 12 at 4).

The Tenth Circuit counsels that "any invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Trimble v. Hansen*, 764

9

Fed. App'x 721, 724 (10th Cir.), *cert. denied*, 140 S. Ct. 283 (2019). Oxford's allegations describe a hardship, but they do not show the untimely filing was "beyond his control." *Marsh,* 223 F.3d at 1220. Oxford managed to file a state tolling motion 17 days after the expiration of the one-year period. Although his work may have required discretion between December 2016 and March 27, 2017, he has not specifically explained how that slower pace prevented him from filing the state petition about two weeks earlier, on March 10, 2017 (the one-year deadline). And, as discussed above, establishing that equitable tolling applies between March 10, 2017 and March 27, 2017 will not automatically save the untimely § 2254 petition. Oxford failed to account for the delay between January 7, 2019, when the NMSC denied certiorari review, and March 4, 2019, when he filed his § 2254 proceeding. Oxford is now at a different prison, and it does not appear the 2019 filing delay could not be attributable to the intimidation tactics described above. Equitable tolling is therefore unavailable based on Oxford's conditions of confinement and/or sex offender status.

### D. Actual Innocence Exception

Oxford next argues he is actually innocent of the charged crimes (criminal sexual penetration of a child and bribery). "A claim of actual innocence may toll the [habeas] statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

Oxford alleges he "provided … documentation supporting [his] innocence," including a

10

polygraph examination, but no such evidence exists in the record. (Doc. 10 at 2). At most, he contends his statements to police were false and suggests the victim or her mother lied. "Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014). Oxford therefore cannot overcome the time-bar based under the actual innocence exception.

### E. COVID-19 Arguments

Finally, Oxford seeks equitable tolling because his current prison is on lock-down and he recently contracted COVID-19, which are extreme, extraordinary circumstances warranting relief. (Doc. 10 at 4). The Court agrees these circumstances warranted accommodation in this case. The Court accepted multiple show-cause responses; extended the show-cause deadline; and accepted a supplemental response filed after the extended deadline. Beyond these allowances, however, the current pandemic has no impact on whether Oxford filed his § 2254 petition by the March 10, 2017 deadline.

In sum, the Court concludes Oxford's show-cause responses (Docs. 9, 10, and 12) do not establish grounds for tolling. The one-year limitation period expired on March 10, 2017, and the federal habeas proceeding filed on March 4, 2019 is time-barred. The Court must dismiss the Petition with prejudice (Doc. 1) and deny any request for counsel as moot. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Daniel Mark Oxford's 28 U.S.C. § 2254 Habeas Corpus

Petition (Doc. 1) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
UNITED STATES DISTRICT JUDGE